Exhibit.A

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

**FORM SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REF

**SRu516-219**

EFFECTIVE DATE OF REGISTRATION

*Nov. 25, 2003*
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

TITLE: OH FOOLISH PRIDE
ARTIST: EMINEM                                    (CD-R)

**PREVIOUS, ALTERNATIVE, OR CONTENTS TITLES (CIRCLE ONE) ▼**

## 2

**a** NAME OF AUTHOR ▼

SHADY RECORDS, INC.

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶_____
Domiciled in ▶_____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼
WORDS, MUSIC, PERFORMANCE, RECORDING

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire," check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶_____
Domiciled in ▶_____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶_____
Domiciled in ▶_____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1989
This information must be given ▼ Year in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶_____  Day ▶_____  Year ▶_____  ◀ Nation

## 4

**a** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Shady Records, Inc., c/o Interscope Records (Div. of UMG Recordings, Inc.)
2220 Colorado Ave., Santa Monica, CA  90404

See instructions before completing this space.

**b** TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
NOV 25 2003

ONE DEPOSIT RECEIVED
NOV 25 2003

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.       • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | FORM SR |
|---|---|
| CHECKED BY | |
| CORRESPONDENCE<br>☐ Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This work was previously registered in unpublished form and now has been published for the first time.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

a

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

a  Name ▼          Account Number ▼

UNIVERSAL MUSIC GROUP          DA024562

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

b  Eric Schwartz/Smith & Metalitz obo
Universal Music Group/Copyright Administration
100 Universal City Plaza, Universal City, CA 91608

Area code and daytime telephone number  202.833.4198          Fax number  202.872.0546

Email  schwartz@smimetlaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ owner of exclusive right(s)

☐ other copyright claimant          ☒ authorized agent of  Shady Records, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Eric J. Schwartz          Date ▶ 11/25/03

Handwritten signature (s) ▼

X _____

**8**

**9**

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address | Name ▼<br>Universal Music Group, Copyright Administration<br>Number/Street/Apt ▼<br>100 Universal City Plaza, Building 1320W-4<br>City/State/ZIP ▼<br>Universal City, CA 91608 | **YOU MUST:**<br>• Complete all necessary spaces<br>• Sign your application in space 8<br>**SEND ALL 3 ELEMENTS<br>IN THE SAME PACKAGE:**<br>1. Application form<br>2. Nonrefundable filing fee in check or money<br>order payable to Register of Copyrights<br>3. Deposit material<br>**MAIL TO:**<br>Library of Congress<br>Copyright Office<br>101 Independence Avenue, S.E.<br>Washington, D.C. 20559-6000 |
|---|---|---|

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

Rev. June 2002—20,000   Web Rev. June 2002   ⊕ Printed on recycled paper

U.S. Government Printing Office: 2000-481-113/20,021

Exhibit B

# CERTIFICATE OF REGISTRATION



**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

**FORM SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**SRu 515-208**



EFFECTIVE DATE OF REGISTRATION

12 / 11 / 03
Month / Day / Year

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**1**  TITLE OF THIS WORK ▼

So Many Styles                     (CD R)

PREVIOUS ALTERNATIVE OR CONTENTS TITLES (CIRCLE ONE) ▼

---

**2**  NAME OF AUTHOR ▼

**a**  Marshall Bruce Mathers III

DATES OF BIRTH AND DEATH
Year Born ▼  1972   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☑ No   If the answer to either of these questions is "Yes" see detailed instructions
Pseudonymous?  ☐ Yes ☑ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed ▼
WORDS MUSIC PERFORMANCE RECORDING

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank

**b**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☐ No   If the answer to either of these questions is "Yes" see detailed instructions
Pseudonymous?  ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**  NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☐ No   If the answer to either of these questions is "Yes" see detailed instructions
Pseudonymous?  ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed ▼

---

**3**  **a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1989  ◀ Year  This information must be given in all cases

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published
Month ▶   Day ▶   Year ▶   ◀ Nation

---

**4**  COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

**a**  Shady Records  Inc  c/o Interscope Records (Div  of UMG Recordings  Inc )
2220 Colorado Ave  Santa Monica  CA  90404

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

**b**  By assignment

APPLICATION RECEIVED
12-11-03
ONE DEPOSIT RECEIVED
12-11-03
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | _he_ | FORM SR |
|---|---|---|
| CHECKED BY | | |
| CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is  Yes  why is another registration being sought? (Check appropriate box) ▼

a. ☐ This work was previously registered in unpublished form and now has been published for the first time

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is  Yes  give Previous Registration Number ▼            Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

a

Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**6**

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

a  Name ▼                          Account Number ▼

UNIVERSAL MUSIC GROUP                DA024562

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

b  Eric Schwartz/Smith & Metalitz obo
Universal Music Group/Copyright Administration
100 Universal City Plaza  Universal City  CA  91608

Area code and daytime telephone number   202 833 4198        Fax number   202 872 0546

Email   schwartz@smimetlaw.com

**7**

**CERTIFICATION\*** I  the undersigned, hereby certify that I am the

Check only one ▼

☐ author        ☐ owner of exclusive right(s)

☐ other copyright claimant    ☒ authorized agent of  Author (Mathers) and Claimant (Shady Records)
                              Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Eric J  Schwartz                              Date  12/11/03

Handwritten signature (x) ▼

X _____

**8**

| Certificate will be mailed in window envelope to this address | Name ▼ Universal Music Group  Copyright Administration |
|---|---|
| | Number/Street/Apt ▼ 100 Universal City Plaza  Building 1320W 4 |
| | City/State/ZIP ▼ Universal City  CA  91608 |

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

**9**

Fees are subject to change  for current fees check the Copyright Office website at www copyright gov  write the Copyright Office  or call (202) 707 3000

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev June 2002—20 000   Web Rev June 2002   ♻ Printed on recycled paper                    U S Government Printing Office  2000-461 113/20 021

Exhibit C

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Mary Beth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

**FORM CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

RE **SRu515−209**

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|----|----|----|-----|----|-----|----|

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

12 / 11 / 03
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**Title of Work ▼**
Oh Foolish Pride

**Registration Number of the Basic Registration ▼**
SRu516-219

**Year of Basic Registration ▼**
2003

**Name(s) of Author(s) ▼**
Shady Records  Inc

**Name(s) of Copyright Claimant(s) ▼**
Shady Records  Inc  c/o Interscope Records
(Div  of UMG Recordings  Inc )

**Location and Nature of Incorrect Information in Basic Registration ▼**

Line Number  2a    Line Heading or Description  Name of Author

**Incorrect Information as It Appears in Basic Registration ▼**

Shady Records  Inc    ( Yes  work for hire)

**Corrected Information ▼**

Marshall Bruce Mathers III    ( No" re  work for hire  Citizen of  USA   1972  re  year born)

**Explanation of Correction ▼**

Work created by (co)author Mathers (not work for hire)  transferred by assignment to Shady Records  Inc

**Location and Nature of Information in Basic Registration to be Amplified ▼**

Line Number  2b    Line Heading or Description  Name-of-Author

**Amplified Information and Explanation of Information ▼**

Add    Michael Joseph Ruby  on line 2b (Name of co-Author)
       No  work for hire
       Citizen of  USA
       No" re  Anonymous or Pseudonymous
       "Words  music  performance  recordings  re  Nature of Authorship

---

MORE ON BACK ▶    Complete all applicable spaces (D-O) on the reverse side of this page
                  See detailed instructions    Sign the form at Space F

DO NOT WRITE HERE
Page 1 of  2  pages

| FORM CA RECEIVED | FORM CA |
|---|---|
| 12-11-03 | |

FUNDS RECEIVED DATE

| EXAMINED BY | |
|---|---|
| CORRESPONDENCE ☐ | FOR COPYRIGHT OFFICE USE ONLY |

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION      ☐ YES   ☐ NO

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

Continuation of ☒ Part B  or  ☐ Part C

Line 4b Add  By assignment  in Transfer line

Correspondence Give name and address to which correspondence about this application should be sent

Eric Schwartz/Smith & Metalitz obo
Universal Music Group/Copyright Administration
100 Universal City Plaza  Universal City  CA  91608

Phone ( 202 ) 833-4198          Fax ( 202 )872-0546          Email schwartz@smimollaw.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

Name  Universal Music Group

Account Number DA024562

Certification* I the undersigned  hereby certify that I am the  (Check only one)
☐ author      ☐ owner of exclusive right(s)
☐ other copyright claimant  ☒ duly authorized agent of __Author (Mathers) and Claimant (Shady Records)__
Name of author or other copyright claimant  or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼  Eric J Schwartz          Date ▼  12/11/03

Handwritten signature (X)

Certificate will be mailed in window envelope to this address
Name ▼ Eric J  Schwartz/Smith & Metalitz LLP
Number/Street/Apt ▼ 1747 Pennsylvania Avenue  NW  Suite 825
City/State/ZIP ▼ Washington  DC  20006

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev June 2002—20 000  Web Rev June 2002  ⊕ Printed on recycled paper          U S Government Printing Office 2000-461 113/20 021

Exhibit D

The Source Magazine

Page 1 of 3



Exclusive



# EDITORIALS

**EXCLUSIVE!**

## World Unveiling Of Never-Before-Heard Eminem Track...

**The Source Magazine owners Ray Benzino and Dave Mays held a press conference Tuesday Nov 18 to play a recording of the MC delivering racial slurs.**

The Source has verified the authenticity of the tape. The tape contains Eminem's voice, reciting racial slurs targeted against Black women — and it proves Benzino right after a year of being vilified by the media for bringing such questions surrounding Eminem to the fore.

Click Here For Lyrics

Click Here For Audio

Click Here For Conference Transcript

The Source | Video Player





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

SHADY RECORDS, INC.,                 :

             Plaintiff,        :

             v.                     :

SOURCE ENTERPRISES, INC., DAVID MAYS,  :
RAYMOND SCOTT p/k/a RAY BENZINO, and  :
BLACK ENTERPRISE/GREENWICH STREET   :
CORPORATE GROWTH MANAGEMENT LLC,  :

             Defendants.     :

-------------------------------------------------------------- x

CASE NO.     03 CV 9944 (GEL)

**PLAINTIFF'S INITIAL
DISCLOSURES
PURSUANT TO RULE 26(a)(1)**

086 717 -6

SERVED BY MAIL/
SUBMITTED/FILED
RECEIVED BY HAND     1/15
POST MARKED
            1/15/2004
        ENTERED
BY:

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Shady

Records, Inc. ("Plaintiff" or "Shady Records"), by its attorneys Fischbein•Badillo•

Wagner•Harding, makes the following initial disclosures:

(A)    Provide to the other parties the name and, if known, the address
and telephone number of each individual believed by it to have discoverable, non-
privileged personal knowledge concerning any significant factual issue specifically raised
in the pleadings or identified by the parties in their report to the court under Fed. R. Civ.
P. 26(f), appropriately indicating the subjects about which the person has such
knowledge.

David Mays
215 Park Avenue South
New York, New York 10003

Chief Executive Officer of Defendant
Source Enterprises, Inc. ("SEI")
Has information regarding (a) *The
Basement Tapes* and Defendant Source
Enterprises, Inc.'s purchase and publication
of same; (b) the corporate structure and
control of SEI.

Raymond Scott p/k/a Ray Benzino
215 Park Avenue South
New York, New York 10003

Owner of Defendant Source Enterprises,
Inc.
Has information regarding (a) *The*

|  | *Basement Tapes* and Defendant Source Enterprises, Inc.'s purchase and publication of same; and (b) the corporate structure and control of SEI.. |
|---|---|
| Kim Osorio<br>The Source Magazine<br>215 Park Avenue South<br>New York, New York 10003 | Editor in Chief of The Source Magazine<br>Has information regarding the public performance by Defendants of the compositions at issue herein. |
| Fahiym (Joshua) Ratcliffe<br>The Source Magazine<br>215 Park Avenue South<br>New York, New York 10003 | Culture Editor for The Source Magazine<br>Has information regarding Defendant Source Enterprises, Inc.'s purchase of *The Basement Tapes*. |
| Ronald or Robert Bolos | Individual who sold and assigned all alleged interests in *The Basement Tapes* to the Source Defendants<br>Has information regarding the rights in and to *The Basement Tapes*. |
| Tracii McGregor<br>The Source Magazine<br>215 Park Avenue South<br>New York, New York 10003 | Vice President of Content<br>May have information regarding the alleged 800,000 unauthorized CDs the Source Defendants planned on releasing in their February 2004 issue. |
| John Doe No. 1 | All persons present at the recording of the musical works referred to as *The Basement Tapes*.<br>May have information regarding the recordings at issue in the instant litigation. |
| John Doe No. 2 | All persons who composed any portions of the musical works contained on *The Basement Tapes*.<br>May have information regarding the composition and/or recordings at issue in the instant litigation. |
| John Doe No. 3 | All persons who contributed to the performances of the musical works contained on *The Basement Tapes*.<br>May have information regarding the recordings at issue in the instant litigation. |

2

388498.1

| | |
|---|---|
| John Doe No. 4 – 100 | All persons or entities who made changes, modifications and/or alterations to the website www.thesource.com. |
| Black Enterprise/Greenwich Street Growth Management LLC<br>850 Third Avenue<br>New York, New York 10022 | Defendant and Investor potentially with ability to control or direct the affairs of Defendant Source Enterprises, Inc.<br>Has information regarding the alleged infringement by the Source Defendants and related decisions relating the subject compositions and recordings. |
| Marshall B. Mathers, III p/k/a Eminem | Co-author of the subject copyrighted recordings and compositions.<br>Has information regarding the subject compositions and recordings. |
| Michael Ruby p/k/a Mannix | Co-author of the subject copyrighted recordings and compositions.<br>Has information regarding the subject compositions and recordings. |
| Paul Rosenberg<br>Shady Records, Inc.<br>151 Lafayette Street, 6th Floor<br>New York, New York 10013 | Vice-President & General Manager<br>Has information regarding the assignment of intellectual property rights in and to the subject recordings and compositions as well as information regarding the federally registered copyrights at issue herein. |
| Gregory Wier<br>16250 Northland Drive, Suite 370<br>Southfield, MI 48075 | Agent of Plaintiff Shady Records, Inc.<br>Has information regarding assignment of rights from the co-authors to Plaintiff Shady Records, Inc. |
| Donald David, Esq.<br>Fischbein Badillo Wagner Harding<br>909 Third Avenue<br>New York, New York 10022 | Attorney for Plaintiff<br>May have information regarding calculation of damages in connection with Defendants infringing conduct. |

3

388498.1

Brian Bloom, Esq.
Fischbein Badillo Wagner Harding
909 Third Avenue
New York, New York 10022

Attorney for Plaintiff
May have information regarding the
unauthorized publication of the subject
compositions and recordings by the Source
Defendants.

Howard Hertz
Hertz Schram & Saretsky P.C.
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302-0183

Attorney for Plaintiff Shady Records, Inc.
Has information regarding the assignment
of intellectual property rights from the co-
authors to Plaintiff.

Eric Schwartz
Smith & Metalitz LLP
1747 Pennsylvania Avenue, NW
Suite 825
Washington, DC 20006-4637

Plaintiff's Copyright Attorney
Has information regarding the registration
of the copyrights at issue in this litigation.

Plaintiff's response to subdivision (A) will be supplemented as needed and as required.

(B)     Make available to other parties for inspection and copying, as
under Fed. R. Civ. P. 34, all documents, data compilations, and tangible things in its
possession, custody, or control that may be used by it (other than solely for impeachment
purposes) to support its contentions with respect to any significant factual issue in the
case.

Plaintiff Shady Records will disclose documents responsive to this obligation

under separate cover forthwith.

(C)     Provide to other parties a computation of any category of damages
claimed by it, making available for inspection and copying, as under Fed. R. Civ. P. 34,
the documents or other evidentiary materials, not privileged or protected from disclosure,
on which such computation is based, including materials bearing on the nature and extent
of injuries suffered.

Plaintiff Shady Records will disclose documents responsive to this obligation

under separate cover forthwith.

As more fully outlined in the Complaint filed herein, the damages to Plaintiff are

difficult to calculate absent an analysis of documents to be provided by Defendants.

However, preliminarily, they are as follows:

388498.1

- Pursuant to 17 U.S.C. § 504(b), actual damages suffered by Plaintiff as a result of the infringement by Defendants, in an amount in excess of $75,000, plus interest from the date of infringement;

- Pursuant to 17 U.S.C. § 504(b), profits of Defendants that are attributable to the infringement, in an amount in excess of the statutory damages allowed under 17 U.S.C. § 504(c). Upon information and belief, Defendants are in exclusive control of this information. Therefore, Plaintiff is presently unable to determine this amount of damages;

- In the alternative to damages pursuant to 17 U.S.C. § 504(b), Plaintiff reserves the right to assert statutory damages, pursuant to 17 U.S.C. § 504(c). Plaintiff seeks $150,000 per infringement as statutory damages because Defendants' infringements were willful;

- In addition, because Defendants' infringement has been and continues to be willful and was done to harm the Plaintiff and/or was done to profit Defendants, Plaintiff seeks punitive damages in excess of $10,000,000;

- Pursuant to 17 U.S.C. § 505, the costs of this suit. As this item of damages continues to increase, this amount cannot be determined at this time. Plaintiff estimates that this amount will be in excess of $25,000;

- Pursuant to 17 U.S.C. § 505, reasonable attorney's fees incurred by Plaintiff in this action. As this item of damages continues to increase, this amount cannot be determined at this time. Plaintiff has incurred more than $200,000.00 in attorney fees to date and estimates that total attorney's fees will be in excess of $500,000.00, based upon the current billing history in this case;  and

- Pursuant to 17 U.S.C. § 503, the plaintiff will seek either the impounding or destruction of all copies, phonorecords, masters, tapes, compact discs, or other articles that were made or used in violation of Plaintiff's exclusive copyrights.

5

388498.1

      (D)    Provide to other parties for inspection and copying, as under Fed. R. Civ. P. 34, and insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

      There are no documents responsive to this demand.  Plaintiff does not have an insurance agreement relating to this claim.

Dated: January 15, 2004
      New York, New York

             Respectfully submitted,

             FISCHBEIN•BADILLO•WAGNER•HARDING

             By: _____
                Donald N. David (DND 5222)

             *Attorneys for Plaintiff*
              *Shady Records, Inc.*

             909 Third Avenue
             New York, New York 10022
             (212) 826-2000

TO:    Tamara Carmichael, Esq.
       Holland & Knight LLP
       *Attorneys for Defendants Source Enterprises, Inc.,*
         *David Mays, and Raymond Scott p/k/a Ray Benzino*
       195 Broadway, 24th Floor
       New York, New York 10007-3189


       Kenneth A. Plevan, Esq.
       Skadden Arps Slate Meagher & Flom LLP
       *Attorneys for Defendant Black Enterprises/Greenwich Street*
         *Corporate Growth Management LLC*
       Four Times Square
       New York, New York 10036

5

EXHIBIT OMITTED PURSUANT TO STIPULATION OF
CONFIDENTIALITY AND PROTECTIVE ORDER



EXHIBIT OMITTED PURSUANT TO STIPULATION OF
CONFIDENTIALITY AND PROTECTIVE ORDER



AO 88 (Rev. 1/94) Subpoena in a Civil Case – SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

### EASTERN   DISTRICT OF   MICHIGAN

SHADY RECORDS, INC.,

                  Plaintiff,

        v.

SOURCE ENTERPRISES, INC., DAVID MAYS, RAYMOND SCOTT p/k/a RAY BENZINO and BLACK ENTERPRISE/GREENWICH STREET CORPORATE GROWTH MANAGEMENT LLC,

                  Defendants.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 03 CV 9944 (GEL)
Pending in the Southern District of New York

TO:
    Gregory Weir
    16250 Northland Drive, Suite 370
    Southfield, MI 48075

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above cases.

| PLACE OF DEPOSITION<br>Miller, Canfield, Paddock and Stone, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226-4415 | DATE AND TIME<br>February 12, 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED TO permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Deborah L. Ander, Atty for Defendants* | DATE<br><br>January 29, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Deborah L. Ander, Esq., Thelen Reid & Priest LLP, 875 Third Avenue, New York, NY 10022, (212) 603-2000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, parts C & D:

(c). PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subject a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

The definitions and rules of construction for this notice are provided in Civil Rule 26.3(c) of the Local Rules for United States District Court for the Southern District of New York and pursuant to that rule are hereby incorporated by reference. In addition, pursuant to Local Civil Rule 26.3(a)(1), The Source Defendants hereby provide the following Specific Definitions:

A.    "You" or "Your" refers to Gregory Wier.

B.    "Plaintiff" refers to Shady Records, Inc. and each of its predecessors, successors, parents, divisions, subsidiaries, affiliates, offices, officers, directors, employees, representatives, independent contractors, attorneys and agents.

C.    "Source" refers to Source Enterprises, Inc. and each of its predecessors, successors, parents, divisions, subsidiaries, affiliates, offices, officers, directors, employees, representatives, independent contractors, attorneys and agents.

D.    "Mays" refers to David Mays.

E.    "Benzino" refers to Raymond Scott, p/k/a Ray Benzino.

F.    "The Source Defendants" refers collectively to Source, Mays and Benzino, as defined herein.

G.    "Complaint" refers to the Complaint dated December 15, filed in this action by Plaintiff.

H.    "Eminem" refers to Marshall B. Mathers, III, p/k/a Eminem.

I.    "Basement Tapes" refers to the musical recordings, created, authored or written, in part, by Eminem, in or about 1989, in the basement of a home in Detroit, Michigan. The Basement Tapes contain, without limitation, at least two compositions which have since been entitled "Oh Foolish Pride" and "So Many Styles."

3

## REQUESTS

### Request No. 1

All documents relating to your involvement in, control over, or contact with Plaintiff.

### Request No. 2

All documents relating to or evidencing the circumstances surrounding your role in the formation, incorporation, or business affairs of Plaintiff.

### Request No. 3

All documents relating to or evidencing your or Plaintiff's intended or past use of The Basement Tapes.

### Request No. 4

All documents relating to or evidencing your knowledge of the identity and/or contact information for any person who may have knowledge or information about Plaintiff's contentions and allegations in this case.

### Request No. 5

All documents relating to and evidencing the assignment and/or transfer of any right(s), as well as the validity of such rights, in and to the Basement Tapes between you, Plaintiff and/or any other person, or between any third-parties.

Request No. 6

All documents relating to or evidencing any person who is the composer, recorder, author, creator, lyricist, producer, maker or owner of the Basement Tapes and who does or might have any rights in and to the Basement Tapes.

Request No. 7

All documents relating to or evidencing communications regarding the composition, recording, production, publication, or editing of the Basement Tapes, or any part thereof, including, but not limited to, information regarding persons present at the time of creation, authorship, production, recording, composition, publication, editing or performance of any part of the musical compilations contained on the Basement Tapes; and persons involved, at any stage, in whole or in part, in the creation, authorship, production, performance or publication of any portion or part of the Basement Tapes.

Request No. 8

All documents relating to or evidencing the reproduction, distribution, manufacture or performance of any portion of the Basement Tapes, whether public or private.

Request No. 9

All documents relating to or evidencing any claim of ownership of the copyright in and to the Basement Tapes as well as any assignment of the copyright.

Request No. 10

All documents relating to or evidencing communications regarding the copyright in and to the Basement Tapes.

5

<u>Request No. 11</u>

All documents relating to or evidencing your or Plaintiff's communications regarding The Source Defendants' right to make, use, sell, give, or offer the Basement Tapes, or any portion thereof.

<u>Request No. 12</u>

All documents relating to or evidencing the facts and circumstances surrounding authorship, creation, production, promotion, disclosure, distribution, exploitation, release, circulation, and performance, whether public or private, of the Basement Tapes or any portion thereof.

<u>Request No. 13</u>

All documents relating to or evidencing the identities of all persons involved, in any way, in the authorship, creation, production, promotion, disclosure, distribution, exploitation, release, circulation, and performance, whether public or private, of the Basement Tapes or any portion thereof.

<u>Request No. 14</u>

All documents relating to or evidencing your knowledge of the allegations in and factual basis for Plaintiff's Complaint.

<u>Request No. 15</u>

All documents relating to or evidencing your knowledge of the factual and legal basis that supports Plaintiff's arguments regarding fair use in this case.

<u>Request No. 16</u>

All documents relating to or evidencing any damage suffered by Plaintiff or benefit gained by any of the defendants or any third party.

6

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

COURT UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

COUNTY OF

SHADY RECORDS,

Plaintiff(s)

against

SOURCE ENTERPRISES, INC., ET AL

Defendant(s)

Index No. 03 CV 9944 (GEL)

*AFFIDAVIT OF
SERVICE OF SUBPOENA*
IN A CIVIL CASE, SCHEDULE A,
REQUESTS

MICHIGAN OAKLAND
STATE OF NEW YORK, COUNTY OF ____ SS: The undersigned, being duly sworn, deposes and says; deponent is not a
arty herein, is over 18 years of age and resides at _SOUTHFIELD, MI_
hat on 2/5/04 at 12:54 P.M., at 16250 NORTHLAND DRIVE, STE. 370, SOUTHFIELD, MI
eponent served the within subpoena on GREGORY WEIR witness therein named,
IN A CIVIL CASE, SCHEDULE A,
REQUESTS

**INDIVIDUAL**
1. ☒ by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said subpoena.

**CORPORATION**
2. ☐ a ____ corporation, by delivering thereat a true copy to ____ personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be thereof.

**SUITABLE AGE PERSON**
3. ☐ by delivering thereat a true copy to ____ a person of suitable age and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐ by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at ____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at ____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

| | | | | | |
|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

t the time of said service, deponent paid (tendered) in advance $ 55.00    the authorized traveling expenses and one day's witness fee.

worn to before me on 2/6/04

Linda A. Smith
LINDA A. SMITH
NOTARY PUBLIC MACOMB CO., MI
MY COMMISSION EXPIRES Jul 18, 2008

_[signature]_
PRINT NAME BENEATH SIGNATURE

License No. ........................





EXHIBIT OMITTED PURSUANT TO STIPULATION OF
CONFIDENTIALITY AND PROTECTIVE ORDER